UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARY BRIEL,                                              CIVIL NO. 03-6549 RHK/AJB

PLAINTIFF,

V.                                                      **REPORT AND RECOMMENDATION ON
                                                        PLAINTIFF'S MOTION FOR**
CHANG O'HARA'S BISTRO, INC.,                            **ATTORNEY FEES AND COSTS**

DEFENDANT.

---

DONALD H. NICHOLS, ESQ., STEVEN ANDREW SMITH, ESQ., AND MICHELE R. FISHER, ESQ., FROM
NICHOLS KASTER & ANDERSON, P.L.L.P. FOR PLAINTIFF MARY BRIEL.

THOMAS J. FLYNN, ESQ., AND CHRIS M. HEFFELBOWER, ESQ., FROM LARKIN HOFFMAN DALY &
LINDGREN LTD., AND ROBERT MILLS MCCLAY, ESQ., FROM MCCLAY-ALTON, P.L.L.P. FOR
DEFENDANT CHANG O'HARA'S BISTRO, INC.

---

I.      **INTRODUCTION**

        This matter is before the court, United States Magistrate Judge Arthur J. Boylan, for a report

and recommendation to the district court. *See* 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1.

Plaintiff Mary Briel (Briel) successfully brought claims of discrimination under Title VII of the Civil

Rights Act of 1964 (Title VII) and the Minnesota Human Rights Act (MHRA) against Chang O'Hara's

Bistro, Inc. (Chang O'Hara's).  On February 11, 2005, the jury returned a verdict in favor of Briel on

all counts and awarded her $3,500 in compensatory damages and $43,000 in punitive damages.  On

April 8, 2005, the district court entered judgment against Chang O'Hara's for $7,000 in compensatory

damages (doubling the jury award pursuant to Minn. Stat. § 363A.29, subd. 4) and $43,000 in punitive

damages.  (Docket No. 94.)  Briel has filed a motion with this court requesting that she be awarded

1

attorney fees as the prevailing party under Title VII and the MHRA.

## II.   DISCUSSION

Under Title VII, the prevailing party is entitled reasonable attorney fees.  42 U.S.C. § 2000e-

5(k).  The purpose of awarding attorney fees is to "ensure effective access to the judicial process" for

persons with claims of discrimination.  *Hensley v. Eckerhart*,  461 U.S. 424, 429 (1983).

"Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special

circumstances would render such an award unjust."  *Id.* (internal quotation marks omitted).  The

awarding of attorney fees, however, is left to the discretion of the district court.  *Warren v. Prejean*,

301 F.3d 893, 904 (8th Cir. 2002).

The appropriate method of determining reasonable attorney fees is the lodestar method.  *Fish*

*v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir.2002).  Under this method, the reasonable

amount of hours spent on the case is multiplied by a reasonable hourly rate.  *Id.*  The resulting rate is

presumed to be reasonable.  *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986).  This figure,

however, may be adjusted at the discretion of the district court after considering factors which are

relevant to that particular case.  *Hensley*,  461 U.S. at 434.[1]

---

[1]       Factors that the court may consider are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The jury found for Briel on all counts and awarded compensatory as well as punitive damages against Chang O'Hara's. There is no dispute that she is a prevailing party. Chang O'Hara's additionally does not dispute the reasonableness of the attorney billing rates. Chang O'Hara's argues, however, that the attorney fees should be reduced because (1) the billing statement includes items that are related to a defendant that was dismissed, (2) the requested amount is unreasonable in relation to Briel's limited success, (3) the billing statement shows excessive time, unnecessary duplication, and contains vague and imprecise entries, (4) the submitted amount includes amounts duplicated in a companion case, (5) Briel failed to provide original time records, and (6) the issues addressed during litigation were not complex. (Def. Opp. Mem. at 1.)

First, there is no indication that the dismissal of Sean LaBonty as a defendant, affected the amount of work performed by the plaintiff's attorneys. LaBonty's involvement included the same facts and legal theories as his employer, Chang O'Hara's. Next, a finding fully for plaintiff resulting in compensatory damages of $7,000 and punitive damages of $43,000, represents a level of success consistent with awarding the determined attorney fees. Finally, Briel's counsel has submitted a billing statement that includes a list of billable events from September 8, 2003 through March 23, 2005 which describes the date of the work, the attorney, the attorney's rate of pay, and a narrative of the work completed. The court finds that the billing statement is sufficient to support a petition for attorney fees.

Counsel's method of billing in this case, however, has created some confusion. Briel's counsel is involved in a companion case, *Doverspike v. Chang O'Hara's Bistro, Inc.*, Civil File No. 03-5601

---

*Id.* at 430 n.3.

ADM/AJB. Counsel apparently billed both cases under the same billing number and name.    The billing

statement submitted in this case contains a significant number of duplicated fee events with fee events

listed in the billing statement submitted in the companion case.  In addition, several entries had been

duplicated within the billing statement submitted in this case.

Accordingly, the court has deleted all duplicated entries in the statement submitted for this case.

Additionally, the court has determined which events were duplicated in the petition filed in the

*Doverspike* case. The total amount for the entries that were submitted in both cases were divided

evenly between the two cases.  This has produced a reasonable attorney fee based on reasonable

hours spend multiplied by a reasonable hourly rate.  The court finds that there are no factors in this case

to justify the departure from the reasonable amount.  The court concludes that Briel should be awarded

attorney fees in the amount of $83,792.25 and costs in the amount of $4,791.63.[2]

## III.    RECOMMENDATION[3]

Based on the file and information contained therein, as well as legal memorandum submitted by

counsel, and in light of the foregoing discussion, the court **HEREBY RECOMMENDS THAT**

Briel's Motion for Attorney Fees Under Title VII [Docket No. 105] be **granted** in the amount of

$83,792.25 for attorney fees and $4,791.63 for costs.

---

[2]       The submitted costs were reviewed in much the same manner as the fee statements and adjusted accordingly.

[3]       Chang O'Hara's has filed for Chapter 7 bankruptcy as of June 3, 2005.  This report and recommendation does not address the effect of the automatic stay on cases which involve a party in a bankruptcy proceeding on the district court's issuing an order with respect to this report and recommendation.

Dated: June 10, 2005


s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 24, 2005.